[Civ. No. 11442.   Third Dist.   Oct. 24, 1966.]

ROBERT L. JERMAN, Petitioner, v. THE SUPERIOR COURT OF LASSEN COUNTY, Respondent; HAROLD L. ABBOTT, as District Attorney, etc., Real Party in Interest.

Pickering & Marler and Jerrald K. Pickering for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Real Party in Interest.

FRIEDMAN, J.—After a magistrate held petitioner to answer, the district attorney of Lassen County filed an information charging him with a violation of Vehicle Code section 10851 (taking a motor vehicle without consent of the owner). Petitioner's motion to set aside the information under Penal Code section 995 was denied in the superior court and petitioner then sought a writ of prohibition in this court. The question is whether petitioner was committed with probable cause.

Probable cause is absent. ▮ The information alleges that on the date of the offense, May 5, 1966, J. C. Thorp was the owner of the vehicle, a 1966 Ford pickup. Vehicle Code section 460 defines the term "owner" to include the person entitled to possession of a vehicle as the purchaser under a conditional sales contract.[1] The evidence shows plainly and undisputably that Thorp was not the owner of the pickup on the day in question. He was not the owner because he had lost his right to possession, being in default on the conditional sales contract under which he was buying the pickup.

The owner of the pickup on the date charged was Universal C.I.T. Credit Corporation, which was financing the pickup under a conditional sales contract. The finance company was the owner because it held the legal title and because it was entitled to possession by reason of the conditional buyer's breach (Veh. Code, § 460, *supra*). ▮ Petitioner Jerman was an automobile repossessor who had been sent by the Palo

---

[1] Vehicle Code section 460 provides: "An 'owner' is a person having all the incidents of ownership, including the legal title of a vehicle whether or not such person lends, rents, or creates a security interest in the vehicle; the person entitled to the possession of a vehicle as the purchaser under a security agreement; or the State, or any county, city, district, or political subdivision of the State, or the United States, when entitled to the possession and use of a vehicle under a lease, lease-sale, or rental-purchase agreement for a period of 30 consecutive days or more."

Alto branch office of C.I.T. to repossess the pickup. The prosecution thus displays the spectacle of the true owner's agent being charged with a potential felony for attempting to exercise the true owner's right of possession as against a defaulting conditional buyer who was no longer entitled to possession.

Counsel for respondent unsuccessfully seek to excuse the presence of this case in this court by pointing to preliminary hearing evidence of an altercation between Jerman and Thorp when the former attempted to repossess the pickup. Section 9503, Commercial Code, permits a secured seller to retake possession if he can do so without breach of the peace. ▆ If the defaulting buyer wrongfully resists repossession by the agent of the seller, and the agent wrongfully challenges him or uses force to overcome his wrongful resistance, either or both may incur civil or criminal liability for disturbing the peace, assault or battery. ▆ The determination of fault for the fracas cannot be the pivot of a conviction under section 10851; otherwise the repossessor might find himself in San Quentin for disturbing the peace. Such activity by the repossessor cannot conceivably reinstate the defaulting buyer as ''owner'' of the car under the Vehicle Code. In fact, the information charges petitioner with breach of the peace in addition to the Vehicle Code violation. Setting aside the information does not, of course, preclude petitioner's prosecution on the former charge in a court of appropriate jurisdiction.

Let a peremptory writ of prohibition issue as prayed.

Pierce, P. J., and Regan, J., concurred.